OPINION
Appellant Arthur Brant, M.D. appeals the decision of the Stark County Court of Common Pleas that granted Appellees Joseph Fammartino M.D.'s and Vitreo-Retinal Consultants, Inc.'s ("VRC") motion to disqualify the law firm of Black McCuskey Souers 
Arbaugh ("Black McCuskey") from representing appellant. The following facts give rise to this appeal. This action commenced on August 19, 1998, when appellant Brant filed a complaint for declaratory judgment regarding the enforceability of a non-compete clause in an employment agreement with Appellees Fammartino and VRC. Appellees filed an answer and counterclaim on August 28, 1998. The trial court entered a preliminary injunction order, against appellant, on September 1, 1998. Thereafter, appellant retained the law firm of Black McCuskey to represent him in this matter. Black McCuskey entered a notice of appearance, on behalf of appellant, on January 14, 1999. On February 10, 1999, Black McCuskey filed an amended complaint adding Dr. Fammartino as a defendant. Appellees filed a motion to disqualify the law firm of Black McCuskey and the attorneys representing appellant in this matter, Thomas Connors and Gordon Woolbert, on May 14, 1999. The basis for the motion to disqualify is the fact that Black McCuskey represented Appellees Fammartino and VRC from early in the 1980's through January 1991. Initially, Attorney Charles Tyburski handled the incorporation of VRC. Subsequently, other matters were handled by other attorneys in the office. In the mid-1980's, Attorney Tyburski transferred appellees' matters to two other attorneys in the office: Terry Moore and Joe Perkovich. Attorney Tyburski continued as the billing attorney, but had limited contact with appellees. During the 1980's, Attorneys Moore and Perkovich handled a number of matters for appellees such as estate planning and corporate issues. In 1988 and 1989, Attorneys Moore and Perkovich represented VRC in connection with an employment contract negotiated with Dr. Nothnagle. The employment contract contained a non-compete clause. In 1990, Appellee Fammartino transferred his legal matters to Attorneys Moore and Perkovich, at the law firm of Krugliak Wilkins Griffiths Dougherty ("Krugliak Wilkins") after Moore and Perkovich left the law firm of Black McCuskey. Attorneys Moore and Perkovich left a number of closed files at Black McCuskey in file storage. These files were returned to Appellee Fammartino, upon his request, on April 16, 1999. One of the files handled by Attorneys Moore and Perkovich contained a financial statement for Appellee Fammartino from April 1988. In 1995, Attorney Moore drafted the employment contract between Appellant Brant and Appellee VRC. This is the contract that is the subject of this lawsuit. On August 11, 1999, following a hearing on appellees' motion to disqualify, the trial court granted appellees' motion. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration.
I. THE TRIAL COURT ERRED BY DISQUALIFYING APPELLANT'S COUNSEL FROM REPRESENTING APPELLANT IN THE PRESENT CASE.
 I
Appellant contends, in his sole assignment of error, that the trial court erred in granting appellees' motion to disqualify appellant's counsel. We agree. In support of this assignment of error, appellant sets forth three arguments. We begin our analysis, of appellant's sole assignment of error, by first addressing the applicable standard of review. "When reviewing the disqualification of a party's chosen counsel we apply an abuse of discretion standard." Kitts v. U.S. Health Corp. of S. Ohio (1994), 97 Ohio App.3d 271, 275, [Citations omitted.] In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The first issue for our review is whether the trial court erred in failing to follow the Ohio Supreme Court's rule that a presumption of shared confidences arising from a prior representation is rebuttable. The "rebuttable presumption" rule provides that the presumption of shared confidences is rebuttable where the same attorney did not represent a client in matters substantially related to those embraced by a subsequent case he or she wishes to bring against the former client. In support of this argument, appellant cites the case of Kala v. Aluminum Smelting and Refinery Co., Inc. (1998), 81 Ohio St.3d 1. In Kala, the Ohio Supreme Court held:
 In ruling on a motion for disqualification of either an individual (primary disqualification) or the entire firm (imputed disqualification) when an attorney has left a law firm and joined a firm representing the opposing party, a court must hold an evidentiary hearing and issue findings of fact using a three-part analysis:
 (1) Is there a substantial relationship between the matter at issue and the matter of the former firm's prior representation;
 (2) If there is a substantial relationship between these matters, is the presumption of shared confidences within the former firm rebutted by evidence that the attorney had no personal contact with or knowledge of the related matter; and
 (3) If the attorney did have personal contact with or knowledge of the related matter, did the new law firm erect adequate and timely screens to rebut a presumption of shared confidences with the new firm so as to avoid imputed disqualification? Id. at syllabus.
In the case sub judice, the trial court did not rely on the three-part test contained in Kala. Instead, the trial court relied on a three-part test set forth in the case of Phillips v. Haidet (1997), 119 Ohio App.3d 322. This three-part test provides as follows:
 (1) A past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify;
 (2) the subject matter of those relationships was/is substantially related; and
 (3) the attorney acquired confidential information from the party seeking disqualification. Id. at 889.
The Sixth Circuit Court of Appeals developed the test used, in Haidet, in the case of Dana Corp. v. Blue Cross Blue Shield Mut. of N. Ohio (C.A.6, 1990), 900 F.2d 882. We find the trial court properly applied the test contained in Haidet because the test developed in Kala specifically applies to "side-switching attorney" cases. See Majestic Steel Service, Inc. v. Disabato (Oct. 21, 1999), Cuyahoga App. No. 76540, unreported, at 5. This conclusion is based on the language contained in the syllabus, of Kala, that the three-part test applies "* * * when an attorney has left a law firm and joined a firm representing the opposing party,* * *." In the three-part test, in Haidet, the "rebuttable presumption" rule is not addressed in the test itself, as it is in the Kala case. However, the rule is addressed, in Haidet, in connection with the third prong of the three-part test. Specifically, the court stated as follows:
 * * * As a matter of law, the disclosure of confidences to one's attorney can be presumed and need not be proven by the moving party. Cleveland [v. Cleveland Elec. Illum. Co. (N.D.Ohio. 1976), 440 F. Supp. 193] at 209. However, the presumption is rebuttable. Id. `Only where an attorney himself represented a client in matters substantially related to those embraced by a subsequent case he wishes to bring against the former client, is he irrebuttably presumed to have benefited from confidential information relevant to the current case. In such limited situations there is no necessity to demonstrate actual exposure to specific confidences which would benefit the present client. But * * * in a case "where the attorney may be `vicariously disqualified' (as by virtue of his former membership in a law partnership), the inference is treated as rebuttable.'" Id. at 210, quoting Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp. (C.A.2, 1975), 518 F.2d 751. Haidet at 325.
Thus, we conclude that even though the trial court properly applied Haidet, the court failed to consider the "rebuttable presumption" rule in connection with the third prong of the three-part test set forth in Haidet. The trial court should have considered this rule because even though the trial court found that the matters were substantially related, the same attorneys, at the law firm of Black McCuskey that represented appellees, did not bring this lawsuit on behalf of appellant. Accordingly, we remand this matter to the trial court for the court to apply the "rebuttable presumption" rule. Appellant maintains, in his second argument, that the trial court erred in finding that there was a substantial relationship between the present case and Black McCuskey's prior representation of appellees, in 1988 and 1989, regarding an employment agreement. We disagree. The trial court found the subject matter was substantially related because the basic contract being attacked by Black McCuskey was developed by such firm. Judgment Entry, Aug. 11, 1999, at 4. In the Haidet case, the court of appeals, relying on the Cleveland case, supra, stated that `disqualification should be ordered where any substantial relationship can be shown between the subject matter of a former representation and that of a subsequent adverse representation.' Haidet at 325, citing Cleveland,440 F. Supp. at 207. "The party moving for disqualification has the burden of affirmatively showing that `the former attorney-client relationship involved matters substantially related to the latter. Absent such affirmative showing, it is axiomatic that no ethical problem results.'" Id. at 325-326, citing Cleveland,440 F. Supp. at 207. Disqualification is generally ordered only where the relationship between subsequent and former representations was "patently clear." Id. at 326, citing Silver Chrysler,518 F.2d at 754. The Haidet court reviewed case law concerning the term "substantial relation" and developed several guidelines. The court stated as follows in defining these guidelines:
 First, a commonality of issues must exist for there to be a substantial relation. The moving party has the duty of showing what the connection between the cases is. Second, the moving party must provide some evidence that a need for the disqualification exists. A mere allegation that allowing the representation presents the possibility of a breach of confidence or the appearance of impropriety is not enough. Finally, absent a showing of a substantial relation between the subject matter of the cases, an attorney should not be disqualified from representing a party in an action adverse to a former client. Id. at 327.
Based on the above guidelines and our review of the record in this matter, we conclude the trial court did not abuse its discretion in finding Black McCuskey's current representation of appellant is substantially related to its prior representation of appellees. This substantial relation is based on the fact that Black McCuskey prepared the Nothnagle employment agreement, for appellees, containing a non-compete clause, in 1989. Black McCuskey now seeks to represent appellant, concerning an employment agreement and non-compete clause, prepared in 1995, by attorneys formerly employed at Black McCuskey. Appellant contends the only similarity between the two employment agreements is that they both contain non-compete clauses. Appellant further maintains the wording of the non-compete clauses differ concerning the geographical scope and percentage penalty. Appellees contend the essential terms of both non-compete clauses are almost identical. We conclude, through its previous role as counsel for appellees, Black McCuskey is fully aware of appellees' policy and strategy regarding negotiation and enforcement of appellees' non-compete clause. The case sub judice contains essentially the same non-compete clause Black McCuskey drafted for appellees which Black McCuskey now seeks to find invalid on behalf of appellant. Accordingly, we conclude the trial court did not abuse its discretion. In his third argument, appellant maintains the trial court erred in concluding the disqualification of appellant's counsel was absolutely necessary. We will not address this issue. The trial court will make this determination, on remand, when it considers the "rebuttable presumption" rule in connection with the third prong of the three-part test set forth in Haidet. Appellant's sole assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
 _____________________ WISE, J.
FARMER, P.J., and READER, V. J., concur.